IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00694-MEH

LEJOYCE HARVEY,

      Plaintiff,

v.

KATHRYN MARBERG,

      Defendant.

---

## ORDER ON MOTION FOR MORE DEFINITE STATEMENT

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant's Motion for a More Definite Statement pursuant to Fed. R. Civ. P. 12(e) [filed March 24, 2017; ECF No. 6]. The Court finds no further briefing nor oral argument would materially assist the Court in its adjudication of the motion. For the following reasons, Defendant's motion is granted.

On or about January 17, 2017, Plaintiff, proceeding *pro se*, initiated this action by filing a "Complaint Under Simplified Civil Procedure" in the Arapahoe County Court, Colorado. ECF No. 2 at 4. Plaintiff alleges:

> Defendant intentionally filed false claims against the plaintiff. Defendant intentionally defamed the plaintiff in the filing of these complaints.

*Id.* Plaintiff seeks recovery of $14,970.00 from Defendant for her claim. *Id.*

Defendant removed the action to this Court on March 17, 2017 asserting original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff brings her claim against an employee of the United States Air Force. Notice of Removal, ECF No. 1. With the present motion, Defendant seeks an

order instructing the Plaintiff to provide a more definite statement of her claim, including that she be ordered to "(1) describe the nature of the [allegedly defamatory] complaint or the complaint itself; (2) provide the dates when the complaint was filed; (3) state where or in which body the complaint was filed; (4) describe the allegedly defamatory statements; (5) describe how the statements harmed her reputation; [and] (6) describe the nature of her damages." The Court agrees that a more definite statement of the Plaintiff's claim is required here.

Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A defendant may request a more definite statement when the plaintiff's complaint is vague and ambiguous and the defendant is unable to answer the complaint without additional information. *Felmlee v. Okla.*, No. 13-cv-0803-CVE, 2014 WL 4597724, at *3 (N.D. Okla. Sept. 15, 2014) (citing *Poindexter v. Atchison, Topeka & Santa Fe Railway Co.*, 168 F.3d 1228, 1233 (10th Cir. 1999)). Such motion should also be granted when the plaintiff's complaint fails to state information that would be necessary for the defendant to file a dispositive motion and the movant's existing knowledge would not allow it to file the motion. *Id.* (citing *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010)).

In this case, Plaintiff's scant allegations provide the Defendant with insufficient notice of her claim to allow Defendant reasonably to prepare a response. Plaintiff must properly identify the claim or claims she intends to pursue against Defendant and provide a factual basis for such claim(s). Accordingly, the Court will order the Plaintiff to file an Amended Complaint using the form provided by this Court for guidance, and file such Amended Complaint **on or before April 10, 2017**. Plaintiff's failure to comply with this order may result in this Court's recommendation to

dismiss the action for the Plaintiff's failure to prosecute.

The Clerk of the Court shall provide a form Complaint with a copy of this order and file a certificate of service demonstrating this order and the form Complaint have been delivered to the Plaintiff at the address she provided.

SO ORDERED.

Dated at Denver, Colorado, this 27th day of March, 2017.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge